DunkiN, Ch.
delivered the opinion of the Court.
The defendant is the owner of a tract'of land containing ""some seventeen hundred acres, situate on Shaw’s creek in Barnwell district. On the 27th of February, 1846, he and the plaintiff entered into an agreement to build a saw mill on the said tract at their joint expense, with two saws, and after the mill was completed, each parly was to use one saw on his own separate account, with other stipulations for the right of way through the lands of each other, &c. On the same day the defendant, by another deed, in consideration of the sum of one thousand dollars, sold and conveyed to the plaintiff “ one-half of all the timber suitable for sawing lumber on all the said tract of land, together with all the right and privilege of cutting said timber, together with the privilege of roads to and through said lands, for the purpose of hauling said timber for mill purposes,” &c. as appears by a copy of the deed filed with the pleadings.
The mill was completed ; and, in March, 1847, the saws were started, each one taking his own saw and sawing on his separate account, and continuing to do so from that period. But in a very short time strife arose in selecting the timber and procuring the greatest quantity most convenient to the mill — complainant alleges that the defendant has employed an unusual and unnecessary number of axemen in felling the best of the timber, in larger quantity than his saw can cut, and does it with a view of appropriating it now to his exclusive use, and, in the language of the bill, “ with the waste, speed and strife with which the defendant has been cutting said timber, the most valuable portion of it will soon be exhausted.” Under these circumstances the complainant asked the aid of this Court in making a fair and equal division of said timber.
The defendant admits the strife, but ascribes it to other causes, and enters into matters of recrimination, which it is not necessary to consider, but denies that it is a case for partition.
His Honor, the presiding Chancellor, made a short order, refusing the partition, and dismissing the bill. From this decree the complainant appealed, on the ground that he was entitled to a decree for partition of the timber standing on said tract of land, as assured to him by the defendant’s deed, so that each may hold and enjoy his own in severalty.
In the view which this Court takes of the case it does not seem very material to enquire what is the character of the complainant’s estate — whether real or personal — whether tenement or hereditament — whether savouring of the realty, or altogether personal. The argument of the defendant was that the interest of the complainant does not fall within the description of estates authorised to be partitioned by the Stat *147 utes 31 and 32 Henry 8th. But the powers of the Court of Chancery in South Carolina have never been supposed to limited to the cases mentioned in those Statutes.
uiner^N.^ McC. 429.
l Rich. Eq. 87,
Amb. 589.
Amb. 236.
17 Yes. 344,
8 Ves. 143.
The Act of 1791 authorises the Courts of Law or Equity to make partition both of real and personal estate. It has been authoritatively ruled that this Act applied only to the distribution of intestates’ estates. In all other cases it is the invariable usage to resort to the jurisdiction of the Court of Equity for the partition both of real and personal property. In Pell v. Ball, it is said to have been the practice of the Court of Equity in South Carolina, “ long before the Act of 1791, to order partition not only of real estate, but of slaves, and to order a sale, when necessary for the purpose of partition.”
Again, it was urged that there would be difficulty in executing the commission. But since the decision of Warner v. Baynes by Lord Hardwicke in 1750, it has been uniformly held, even in England, that the difficulty of making partition has formed no objection in this Court. In Parker v. Gerard, Sir Thomas Clarke, Master of the Rolls, says that partition, is a matter of right, and that there is no instance of not succeeding in it but where there is not proof of title in the plaintiff, and he cites the case of Warner v. Baynes, which was for partition of a water spout, cold bath, <fcc., and “ where” says he, “ the strongest arguments of inconveniency imaginable were used, but did not prevail.” Instances of partition of an advowson, of titles, &c. are cited in the books; and in Agar v. Fairfax, the proceeding was- for partition of Bilbrough Moor among a number of persons having a variety of interests, and where there had been a convenant not to enclose. It was held that the variety of interests was no obstacle : that partition did not render enclosure necessary, but that, if it amounted to a covenant against partition, it was against common right. The commission was accordingly ordered by Sir William Grant, and the decree affirmed, on appeal, by Lord Eldon. In Turner v. Morgan, the Commissioners allotted to the plaintiff the whole stack of chimneys, all the fire-places, the only staircase, and all the conveniences in the yard. The Lord Chancellor, nevertheless, overruled the defendant’s exception. He “ had granted the commission” he said, “with great reluctance, but he was bound by authority. But the parties ought to agree to buy and sell.” In England the Court has no authority to order what the Lord Chancellor thus recommends to the parties.— But in Pell v. Ball this authority of the Court was vindicated, on the ground of long established usage and great practical convenience. The rule in England is that whatever can be divided is the subject of partition. But, in South Carolina, interests may be severed, and the share of each *148 ascertained and set off, where the subject matter is not sus-ceptfljie 0f division, as in the instance of a slave belonging tw0 persons. It not only secures peace but promotes industry and enterprise, that each should have his own. The defendant, sold one-half of the timber for the valuable consideration of one thousand dollars. He is bound to afford his vendee every practicable facility for enjoying the benefit of his purchase. The complainant suggests that a fair and equal division of the timber may be made by drawing a line through the tract of land so that each might use the timber exclusively on the part or lot that should be thus assigned to him. This mode may, or may not, be just or practicable, but this is a matter for the Commissioners. If, in their judgment, no division can be made without manifest injustice, they are at liberty to recommend a sale for the purpose, and the Court will judge of the propriety of confirming such return.
It is ordered and decreed that the decree of the Circuit Court be reversed, and that a writ of partition issue, according to the prayer of the bill.
Johnston, Ch. and Caldwell, Ch. concurred.
Daegan, Ch. dissented.
Decree reversed.